447 S.E.2d 289

STATE of West Virginia ex rel. Calvin Ray TYLER, Petitioner,

v.

Honorable A. Andrew MacQUEEN III, Judge of the Circuit Court of Kanawha County, Respondent.

No. 22269.

Supreme Court of Appeals of West Virginia.

Submitted June 28, 1994.

Decided July 15, 1994.

Gary A. Collias, McIntyre & Collias, William Lester, Charleston, for petitioner.

Mary Beth Kershner, Asst. Pros. Atty. for Kanawha County, Charleston, for respondent.

WORKMAN, Justice:

Petitioner, Calvin Ray Tyler, seeks a writ of prohibition against Respondent, Judge Andrew MacQueen of the Circuit Court of Kanawha County, for failing to disqualify the Kanawha County Prosecuting Attorney's Office ("prosecutor's office") from proceeding against him on various criminal charges. Petitioner alleges that Judge MacQueen abused his power in not appointing a special prosecutor given the conflict of interest created by the employment of Petitioner's former counsel by the prosecutor's office.

Petitioner was indicted by the May 1992 Grand Jury of Kanawha County, West Virginia, and charged with various counts of breaking and entering, entering without breaking, attempted aggravated robbery, attempted murder, aggravated robbery, malicious wounding, and grand larceny. On or about January 7, 1994, Petitioner filed a motion to disqualify the entire prosecutor's office.[1] This motion was argued before Judge MacQueen on February 4, 1994, and denied. Through this original proceeding,[2] Petitioner seeks to prohibit the enforcement of the order denying his motion for disqualification.

As grounds for the requested disqualification, Petitioner states in his petition that prior to his indictment in May 1992 he was

---

1. This motion also included a request for appointment of a special prosecutor and sought a continuance of the March 1, 1994, trial date. The special prosecutor request was denied, but the trial date was continued until August 1, 1994.

2. See W.Va.Code § 51–1–3 (1994).

represented by an appointed attorney, David Greene, on these same charges. Mr. Greene represented Petitioner until the late winter or spring of 1993. During this time, Mr. Greene met with Petitioner on numerous occasions and spoke with him by telephone for the purpose of discussing his case. Through these communications, Petitioner states that he confided various facts concerning the charges against him to Mr. Greene. In addition to Mr. Greene's contacts with Petitioner, Mr. Greene hired a private investigator to take statements of potential witnesses and to otherwise investigate the case. Petitioner further contends that Mr. Greene compiled a significant amount of material subject to the work-product rule.

In early 1993, the Kanawha County Prosecutor hired Mr. Greene as an assistant prosecuting attorney. Mr. Greene immediately ceased to represent Petitioner in connection with the pending criminal charges. Petitioner argued in his motion to disqualify, that Mr. Greene, as appointed counsel, was privy to his confidences regarding the facts underlying the criminal charges and that if this confidential information were to be provided to the prosecutor's office, it might have a negative impact on his defense.

■ In support of his position, Petitioner cites to *Chapman v. Summerfield,* No. 17911 (W.Va. filed November 17, 1987), an unpublished order issued by this Court dealing with an analogous issue. In *Chapman,* the defendant, who was charged with murder, filed a motion seeking to disqualify the Prosecuting Attorney of Fayette County and all of the office's assistant prosecutors based on the fact that one of the assistant prosecutors had previously represented the defendant in a property dispute and had also represented the defendant in the initial stage of the pending murder prosecution. This Court held as follows:

> In the case presently under consideration, there is information that a member of the prosecuting attorney's office previously consulted with the defendant in the initial stages of the prosecution now being pursued. This Court believes that under the circumstances there is a danger, as there was a danger in *State v. Britton,* . . .

[157 W.Va. 711, 203 S.E.2d 462 (1974)] that the prosecutor's office will obtain some information relating to the relator's [defendant's] case as a result of the prior consultations. Under the circumstances, the Court believes that the present prosecutor and those connected with his office should be disqualified from trying the relator's case.

*Chapman,* slip op. at 2. In syllabus point five of *Britton,* we held that,

> A prosecuting attorney should recuse himself from a criminal case if, by reason of his professional relations with the accused, he has acquired any knowledge of facts upon which the prosecution is predicated or closely related, though the consultations had with the accused were gratuitous and done in good faith.

157 W.Va. at 711, 203 S.E.2d at 463.

■ Petitioner views the *Chapman* case as dispositive of the issue before us. Were it not for the adoption of Rule 1.11 of the West Virginia Rules of Professional Conduct ("Rules of Professional Conduct") by this Court on January 1, 1989, we would agree with Petitioner. However, the issue of successive government employment is now specifically addressed by that rule, which provides, in pertinent part:

> (c) Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee shall not:

> (1) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless under applicable law no one is, or by lawful delegation may be authorized to act in the lawyer's stead in the matter[.]

W.Va.R.Prof.Conduct 1.11(c) (1989). Clearly, the rule proscribes, as did *Chapman,* any further involvement by a government employee who formerly provided counsel to the accused.

The issue of the disqualification of the entire prosecutor's office from further prosecution of the matter is no longer entirely controlled by the holding in *Chapman,* however. The comment to Rule 1.11 of the Rules of Professional Conduct states that

"Paragraph (c) *does not disqualify other lawyers in the agency with which the lawyer in question has become associated.*" W.Va.R.Prof.Conduct 1.11 cmt. (emphasis supplied).

The West Virginia State Bar Committee on Legal Ethics ("committee") has issued an opinion addressing this subject. In an opinion entitled "Imputed Disqualification of Prosecuting Attorneys and Their Assistants," the committee addressed "whether the entire staff of a prosecuting attorney's office is prohibited from representing the State or county in matters when one of the staff is personally disqualified." *See* W.Va. State Bar Comm. on Legal Ethics, Op. 92–01. The committee noted the differing disqualification requirements for members of law firms,[3] and relied upon an opinion issued by the American Bar Association's Committee on Ethics and Professional Responsibility, which stated that, provided the conflicted attorney is completely screened from the case, no imputed disqualification of the entire office is required. *See* ABA Comm. on Ethics and Professional Responsibility, Formal Op. 342 (1975).

The prosecutor's office maintains that they have completely screened Mr. Greene from any involvement in Petitioner's case. In an affidavit submitted by William C. Forbes, the Prosecutor of Kanawha County, he avers:

b) That during my tenure as Prosecuting Attorney [since 1989], I have on occasion hired persons as assistant Prosecuting Attorneys who had previously represented defendants in criminal cases.

c) That when such persons are hired, I instruct them to avoid any involvement with their former client's cases, where they represented defendants on cases which are still pending or represented defendants on matters relating to pending cases.

d) That all Assistant Prosecuting Attorneys are instructed to avoid discussing any case with anyone in the office who may have a conflict of interest.

e) That David Greene began working as an Assistant Prosecuting Attorney in this office on March 1, 1993. Mr. Greene was

hired to prosecute juvenile delinquency cases, and continues to work in that capacity.

f) That Mr. Greene was instructed by me as outlined in Paragraph C, above, and was told specifically with regard to Calvin Tyler to avoid any discussion of the case with any other Assistant Prosecuting Attorneys.

g) That to the best of my knowledge, David Greene has followed my directions with regard to Calvin Tyler, and no other Assistant Prosecuting Attorney has attempted to discuss Calvin Tyler's case with Mr. Greene.

On the same subject, Mr. Greene avers in his affidavit that:

f) That during my tenure as Assistant Prosecuting Attorney, no other employee of the Prosecuting Attorney, nor the Prosecuting Attorney himself, has attempted to discuss Mr. Tyler's case with me or to obtain information about Mr. Tyler in any manner whatsoever.

g) That at no time since my employment as Assistant Prosecuting Attorney have I divulged any information about Calvin Tyler or about 92–F–124 [the pending murder indictment], to any person at the Prosecuting Attorney's office, whether or not such information was protected by attorney-client privilege.

▇▇▇ Petitioner admits that he is unaware of any "specific evidence indicating that Mr. Greene in fact has revealed any evidence or information concerning this case to his co-employees with the Kanawha County Prosecuting Attorney's Office." The whole basis for his motion is the appearance of impropriety. This alleged appearance of impropriety dissipates, however, when viewed against the ongoing efforts of the prosecutor's office to completely screen Mr. Greene from any involvement in Petitioner's case and the express right of the prosecutor's office to refrain from disqualification sanctioned by the comment to Rule 1.11. W.Va.R.Prof.Conduct 1.11 cmt. Pursuant to Rule 1.11 of the Rules of Professional Con-

---

**3.** Rule 1.10 of the Rules of Professional Conduct requires the disqualification of the entire firm from a matter in which one member has a conflict of interest. W.Va.R.Prof.Conduct 1.10.

duct, the fact that an assistant prosecuting attorney previously represented a criminal defendant while in private practice does not preclude the prosecutor's office as a whole from participation in further prosecution of criminal charges against the defendant, provided that the circuit court has held a hearing on any motion to disqualify filed on this basis and determined that the assistant prosecutor has effectively and completely been screened from involvement, active or indirect, in the case.[4] *Id.*

Based on the foregoing, the writ of prohibition is denied.

Writ denied.

4. To the extent that this Court's order in *Chapman* is inconsistent with this opinion, it is overruled.