# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 14-1153** (Hancock County 13-F-136 & 11-F-45)

**Delbert Reed,**
**Defendant Below, Petitioner**

**FILED**

October 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Delbert Reed, by counsel P. Zachary Stewart, appeals the order of the Circuit Court of Hancock County, entered on October 10, 2014, sentencing him to serve a term of ten to twenty years in the custody of the West Virginia Division of Corrections upon his conviction of sexual abuse by a custodian in violation of West Virginia Code § 61-8D-5, and a term of twenty-five to one-hundred years in the custody of the West Virginia Division of Corrections upon his conviction of sexual assault in the first degree in violation of West Virginia Code § 61-8D-5, subsequent to a jury trial. Respondent State of West Virginia appears by counsel David A. Stackpole.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2011, petitioner pled "no contest" to an information charging him with unlawful assault (Docket No. 11-F-45). Pursuant to the plea agreement, the circuit court held the plea in abeyance and deferred acceptance of the plea as long as petitioner abided by a three-year period of probation. The agreement provided that if petitioner's probationary period was successful, he would be allowed to withdraw his plea and instead enter a plea to the lesser-included misdemeanor offense of battery. Any violation of the terms of the agreement would nullify that benefit. The terms of petitioner's probation were the general conditions established by law, including the condition that petitioner could not, during the term of his probation, violate any criminal law of this or any other state or of the United States. Petitioner's probationary period began in February of 2011 and extended into February of 2014.

In the midst of his probationary period, in September of 2013, petitioner was indicted on one count of sexual abuse by a custodian (victim: D.S., male, age 3); one count of sexual assault in the first degree (victim: D.S.), which count alleged various occurrences in a one-and-a-half month period; one count of sexual abuse by a custodian (victim: J.M., female, age 6), also

1

alleging various occurrences in a three-month period; one count of sexual assault in the first degree (victim: W.O., female, who was between the ages of 11 and 14); and one count of sexual abuse by a custodian (victim: W.O.), also alleging various occurrences. Subsequent to the issue of this indictment, the Hancock County Adult Probation Office filed a petition for revocation of petitioner's probation. The circuit court conducted a hearing on March 26, 2014, at which time petitioner's counsel moved to dismiss the petition because the hearing was delayed. The court denied the motion to dismiss and granted the petition for revocation.

Petitioner filed a motion to sever the charges in the indictment, and the court granted his motion, severing Counts 1 and 2 from Counts 3, 4, and 5. The State dismissed Count 3. After petitioner was convicted of Counts 4 and 5 subsequent to a jury trial in May of 2014[1], the court conducted a hearing to set a trial date on Counts 1 and 2, the charges at issue in this appeal. Later, on July 28, 2014, petitioner filed a motion to disqualify the Hancock County Office of the Prosecuting Attorney, alleging that, on the date of the hearing to set a trial date, he observed Assistant Prosecuting Attorney Jack Wood, formerly petitioner's public defender who negotiated the plea agreement on the assault charges of No. 11-F-45, point to a folder in the possession of the assistant who was prosecuting petitioner's case. The circuit court conducted a hearing on the motion to disqualify a few days later, and denied the motion, based on Mr. Wood's testimony that he had no involvement in the prosecution of petitioner. Mr. Wood testified that at the time petitioner observed his interaction with the other prosecutor, Mr. Wood was in the courtroom to address other cases on the docket. At the same hearing in which the court addressed the motion to disqualify, the court ruled that W.O., the victim who was the subject of Counts Four and Five, could testify pursuant to Rule 404(b) of the West Virginia Rules of Evidence in petitioner's trial on Counts One and Two, because her testimony was admissible to show lustful disposition.

At trial, D.S.'s grandmother testified that she left D.S. in the care of petitioner, her boyfriend, in March of 2013, and D.S.'s mother testified that the following day, D.S. held his buttocks and cried, causing her to take him to the doctor. D.S. was referred to a specialist, who determined that D.S. suffered a rectal tear caused by penetration. In addition to the testimony about D.S., the mother of W.O. testified that petitioner touched her daughter inappropriately, and W.O. testified about various occasions on which petitioner touched her breasts or vaginal area or exposed his penis to her. Petitioner was found guilty of both counts of the indictment and was sentenced as described above. This appeal followed.

On appeal, petitioner asserts three assignments of error. First, he argues that the circuit court violated petitioner's due process rights by failing to provide a prompt hearing on the petition to revoke probation. Second, he argues that the circuit court erred in failing to disqualify the Hancock County Prosecutor's Office from representing the State because petitioner is a former client of Hancock County Assistant Prosecutor Jack Wood, and Mr. Wood was not adequately screened from his case. Third, petitioner argued that the circuit court erred in permitting W.O. to testify as a 404(b) witness.

We begin with petitioner's first assignment of error, in which he argues that the circuit

---

[1] Petitioner appealed this conviction, and this Court affirmed. *State v. Reed*, No. 14-0728 (W.Va. Sup. Ct. of Appeals, June 22, 2015)(memorandum decision).

2

court permitted an inordinate delay of a hearing on the State's petition for revocation of probation. In accordance with Syllabus Point 1 of *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997), we note that:

> [w]hen reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

The chronology of events leading to the revocation hearing does not evince any due process violation or any outcome offensive to our standard of review. Petitioner was held on the charges from the sexual offenses indictment (Docket No. 13-F-136), and not for violation of the probationary terms (Docket No. 11-F-45). A hearing on the petition for revocation was set for October 15, 2013. At the time scheduled for that hearing, petitioner's appointed public defender advised the court that the public defender's office had a conflict of interest. The circuit court appointed new counsel. Later, on December 4, the State forwarded a notice of hearing, advising the hearing would be conducted on December 16. Petitioner then filed, on December 12, a motion to continue the hearing, stating that he had not had sufficient notice of the hearing and could not be adequately prepared in the time allotted. The circuit court later, in January of 2014, set a hearing date of March 13, 2014, and the State requested a continuance to accommodate an out-of-state witness's schedule. Petitioner did not object. In consideration of these facts, we agree with the State that a portion of the delay of proceedings was occasioned by petitioner, and petitioner suffered no prejudice from the delay.

We turn to petitioner's second assignment of error, in which he argues that the circuit court failed to disqualify the Hancock County Prosecuting Attorney's Office from his case based on an assistant's former representation of him. "'A prosecuting attorney should recuse himself from a criminal case if, by reason of his professional relations with the accused, he has acquired any knowledge of facts upon which the prosecution is predicated or closely related, though the consultations had with the accused were gratuitous and done in good faith.' Syl. Pt. 5, *State v. Britton*, 157 W.Va. 711, 203 S.E.2d 462 (1974)." *State ex rel. Tyler v. MacQueen*, 191 W. Va. 597, 598, 447 S.E.2d 289, 290 (1994). However,

> [p]ursuant to Rule 1.11 of the West Virginia Rules of Professional Conduct, the fact that an assistant prosecuting attorney previously represented a criminal defendant while in private practice does not preclude the prosecutor's office as a whole from participation in further prosecution of criminal charges against the defendant, provided that the circuit court has held a hearing on any motion to disqualify filed on this basis and determined that the assistant prosecutor has effectively and completely been screened from involvement, active or indirect, in the case.

Syl. Pt. 2, *id*. at 598, 447 S.E.2d at 290. This Court has indicated that whether a trial court should disqualify a prosecutor, or his office, from prosecuting a criminal defendant is reviewed under an

3

abuse of discretion standard. *State v. Keenan*, 213 W.Va. 557, 584 S.E.2d 191 (2003) *accord State v. Jessica Jane M.*, 226 W.Va. 242, 700 S.E.2d 302 (2010). Petitioner's only evidence concerned his observation that the assistant prosecuting attorney pointed at a file. The evidence shows that Mr. Wood was present at the time of the revocation hearing to address another case on the court's docket, and Mr. Wood offered unrebutted testimony that he had no involvement with petitioner's prosecution. We find that the circuit court conducted the requisite hearing and did not abuse its discretion.

Finally, we turn to petitioner's third assignment of error, in which he argues that the circuit court erred in permitting the Rule 404(b)[2] testimony of W.O. The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review de novo whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403. *See State v. Dillon*, 191 W.Va. 648, 661, 447 S.E.2d 583, 596 (1994); *TXO Production Corp. v. Alliance Resources Corp.*, 187 W.Va. 457, 419 S.E.2d 870 (1992), aff'd, 509 U.S. 443, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993); *State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986). Petitioner was convicted of offenses against W.O. prior to her offer of testimony in the present case, and there is no error in the circuit court's determination that those offenses occurred. We consider this assignment of error in the context of the second and third steps of the process set forth above.

Petitioner's sole argument is that W.O. is a pubescent female and D.S., the victim in this case, is a preschool-aged boy. Petitioner reasons that the allegations in this case—including that he anally penetrated the younger, male victim—were "substantially different" from those involving W.O., who testified that petitioner touched her inappropriately. However, as petitioner himself acknowledges, *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990), our seminal case on the admission of Rule 404(b) evidence to show lustful discrimination toward

---

[2] Rule 404 (b) of the West Virginia Rules of Evidence provides:

Crimes, wrongs, or other acts.
(1) Prohibited uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) Permitted uses; Notice in a criminal case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Any party seeking the admission of evidence pursuant to this subsection must:
(A) provide reasonable notice of the general nature and the specific and precise purpose for which the evidence is being offered by the party at trial; and
(B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

children "does not discern between ages and genders of alleged victims." In fact, we held in *Edward Charles L.* that

> [c]ollateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, *a lustful disposition towards children generally*, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment. To the extent that this conflicts with our decision in *State v. Dolin,* 176 W.Va. 688, 347 S.E.2d 208 (1986), it is overruled.

Syl. Pt. 2, *id.* at 643, 398 S.E.2d at 125 (emphasis supplied). Petitioner has offered no evidence offensive to this long-articulated standard, and we conclude that the evidence was admissible for a legitimate purpose. For these reasons, we further decline to find that the circuit court abused its discretion in determining that the evidence was more probative than prejudicial.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II