GARLAND H. MOORE, JR., CHARLES B. CLENDENING, JR.,
HENRY M. SNYDER, JR., GARY L. PHALEN AND ROBERT D. OTT,
AS MEMBERS OF THE JEFFERSON COUNTY COMMISSION,
A CORPORATION

*v.*

LARRY V. STARCHER, SPECIAL JUDGE OF THE CIRCUIT COURT
OF
JEFFERSON COUNTY, WEST VIRGINIA

(No. 15221)

STATE OF WEST VIRGINIA EX REL. BRAUN A. HAMSTEAD,
PROSECUTING ATTORNEY OF JEFFERSON COUNTY,
WEST VIRGINIA

*v.*

ANDREW G. FUSCO AND THOMAS H. NEWBRAUGH, SPECIAL
PROSECUTORS OF JEFFERSON COUNTY, WEST VIRGINIA; LARRY
V. STARCHER, SPECIAL JUDGE OF THE CIRCUIT COURT
OF JEFFERSON
COUNTY, WEST VIRGINIA; ALVIE QUALLS,
SPECIAL MAGISTRATE OF
THE MAGISTRATE COURT OF
JEFFERSON COUNTY

(No. 15222)

Decided July 24, 1981.

*Braun A. Hamstead*, Prosecuting Attorney, for petitioners and relator.

*Andrew G. Fusco*, Special Prosecutor, for respondents.

McGraw, Justice:

These two cases have been consolidated for decision. We will consider the cases in inverse order, for as we speak to petitioner Hamstead, we lay the foundation for addressing the concerns of the County Commission. In Hamstead's case, Braun Hamstead, Prosecuting Attorney of Jefferson County, seeks a writ of prohibition to prevent the respondents, Special Prosecutors Andrew Fusco and Thomas Newbraugh, from proceeding with certain misdemeanor actions against Circuit Judge Pierre E. Dostert in Jefferson County, and also, to prohibit the respondents, Special Judge Larry Starcher and Special Magistrate Alvie Qualls, from enforcing the order appointing the special prosecuting attorneys to prosecute these actions. In the County Commission's case, the Jefferson County Commission seeks a writ of prohibition to prevent the enforcement of an order issued by Special Judge Starcher requiring the Commission to pay certain fees and expenses to the special prosecutors. In both cases we granted a rule to show cause and, after considering the fundamental issues raised, we deny the writs.

These cases are successors to *Preissler v. Dougherty*, No. 14810, (W. Va. 1980). They can be best understood by reviewing *State ex rel. Skinner v. Dostert*, No. 14911 (April

3, 1981); *W. Va. Judicial Inquiry Commission v. Dostert*, 165 W. Va. 233, 271 S.E.2d 427 (1980); *State ex rel. Preissler v. Dostert*, 163 W. Va. 719, 260 S.E.2d 279 (1979); *Skinner v. Dostert*, Order No. 14648 (Nov. 1, 1979); and *State ex rel. Dostert v. Riggleman*, 155 W. Va. 808, 187 S.E.2d 591 (1972) which provide the extended record in this case. In *Dougherty*, Detlev and Audrey Preissler appeared before this Court on March 5, 1980, alleging under oath that they had been the victims of a criminal invasion of their rights, that they could not obtain justice because of conflicts between certain court officers and that the expiration of the one year statute of limitations, on March 25th, was imminent.

In their petition to this Court, the Preisslers alleged that the Honorable Pierre E. Dostert, Judge of the Circuit Court of Jefferson County, had committed misdemeanors while acting as a policeman and assisting local law enforcement people in attempting to arrest the Preissler's guest, a helicopter pilot, because he landed his flying machine in violation of a municipal ordinance. They alleged that Robert R. Skinner, Prosecuting Attorney of Jefferson County, had not proceeded against Judge Dostert and that he had been "fired" by Judge Dostert, thereby preventing him from proceeding in the prosecution.

The uncontradicted evidence of *Preissler v. Dougherty* shows that the Preisslers sought due process in Charles Town. Their petition failed. The evidence shows that the prosecuting attorney did not act on their behalf. The Preisslers hired a lawyer. The lawyer, however, was in the unfortunate position of having to deal with the circuit judge against whom warrants were sought. Without belaboring all the facets of this scenario of this fiasco, it would be fair to say that the judge showed a lack of enthusiasm for requiring the prosecutor to prosecute him, or for requiring the magistrate to issue warrants against him upon which he might be prosecuted. The Preisslers, perceiving that the system of due process had broken down in Charles Town, decided to try the system in Charleston. They drove 340 miles to petition this Court for redress.

The Preisslers prayed for a writ of mandamus against Magistrate Peter Dougherty to compel him to issue warrants against Dostert. Our State Constitution mandates that the courts of this State shall be open to every person for injuries done to him. W.Va. Const. art. 3, § 17. The Court perceived from the imbroglio alleged by the Preisslers that due process had broken down and it issued a rule against Dougherty to show cause why he would not act. At the same time, it ordered the Honorable Larry Starcher to the Circuit Court of Jefferson County, as a special judge, for the purpose of restoring due process. Acting under the administrative order issued March 5, 1980, and timely filed with the Clerk of the Circuit Court of Jefferson County, Starcher appointed special prosecuting attorneys to confer with the Preisslers "concerning the issuance of certain warrants and to prosecute said warrants if issued." Subsequently, Magistrate Dougherty, by notice to the Chief Justice of this Court, disqualified himself. Magistrate David Pedneau was assigned to hear the matters involved against Judge Dostert. In subsequent proceedings, Judge Dostert successfully succeeded in the removal of Magistrate Pedneau, *State ex rel. Dostert v. Pedneau,* Order No. 14847 (May 22, 1980), and Magistrate Alvie Qualls, respondent herein, was named in his place. In the meantime, the rule to show cause against Dougherty was dismissed on March 20, 1980, as moot.

Hamstead now pleads technicality. He complains that the appointment by Judge Starcher of Special Prosecutors Fusco and Newbraugh was not procedurally proper. The appointment by Judge Starcher was by authority of the administrative order of this Court. The prosecuting attorney, Robert Skinner, Hamstead's predecessor in office, whom the Preisslers alleged had in effect abandoned them and who would not or could not prosecute their case, did not resist this course of action. He acquiesced. The extended record does not reveal why Skinner did not object, nor does it suggest why Hamstead choose to be bound by Skinner's decision to acquiesce to the appointment of the special prosecutors. If Hamstead did consider the matter, however, he was no doubt aware that as a rule, the

disqualification of a prosecuting attorney operates to disqualify his assistants. Annot. 84 A.L.R.3d 115 (1978). Hamstead, as assistant to Skinner, was bound by Skinner's acquiescence at that time. He did not choose to question Skinner's acquiescence until more than one year after Skinner had acquiesced and until after Fusco and Newbraugh had rendered considerable compensable service.

The record leads us to the conclusion that the prosecuting authorities of Jefferson County abandoned this case. More than two years passed before Prosecutor Hamstead appeared here in what appears to be the first official act of the prosecutor's office related to the Preissler's complaints against Dostert and, ironically, by this appearance, seeks no to expedite prosecution, but rather to prevent it. This, parenthetically, would appear to support the Preissler's original contention that the prosecuting authorities of Jefferson County are not inclined to prosecute his complaints. In our jurisprudence, unreasonable delay in pursuing a right or claim can result in denial of the right claimed. As an equitable concept, this theory is known as laches and it has been infused as well into actions at law. *See e.g., State ex rel. West Virginia Truck Stops, Inc. v. McHugh*, 160 W.Va. 294, 233 S.E.2d 729 (1977). The acquiescence to Starcher's original order, the length of time between that acquiescence and the challenge to the appointment of the special prosecutors and the change of circumstances wrought by Fusco and Newbraugh's actions, all of which followed the prosecutor's abandonment of this case, operate to bar the relief sought by Hamstead. *Preissler v. Dostert, supra*, as argued by Hamstead, is not applicable to the factual situation presented here.

The County Commission's fundamental complaint is that it is being required to pay the special prosecutors for the prosecution of Judge Dostert and that Judge Starcher exceeds his authority in ordering them to do so. The County Commission complains, as does Hamstead, that the special prosecutors were improperly appointed and they ask us to

prohibit Starcher's order requiring them to pay the specially appointed prosecutors.

We have answered the prosecutor's question with respect to the practical effect of the appointment on Skinner's authority to act. This reasoning applies in part to the Commission's complaint as well. Additionally, the county commission has an unequivocal duty to pay reasonable attorney fees to special prosecutors. *State ex rel. Goodwin v. Cook*, 162 W.Va. 161, 248 S.E.2d 602 (1978). The Legislature has provided that it is the duty of the County Commission to support financially the office of the prosecuting attorney and to pay for special prosecutors when necessary. W.Va. Code § 7-7-9 (1976 Replacement Vol.). Until such time as the Legislature provides differently, we must follow that mandate. A circuit court does not exceed or abuse its jurisdiction by requiring a county commission to perform its statutory duty. *State ex rel. Anderson v. Board of Education*, 160 W.Va. 208, 233 S.E.2d 703 (1977).

We move the County Commission to reflect that a fundamental reason for the existence of government is the maintenance of civilization. We maintain our civilization by rule of law, a rule of law which implies that all authorities are subordinated to certain fundamental principles of justice, moral principle, fairness and due process. This rule of law requires the State to prosecute offenses. Citizens who are the victims of crime are entitled to have the State, through its prosecuting attorneys, vindicate their constitutional level claims to protection from criminal invaders. Politically motivated pleas of public poverty cannot be used to brush aside the fundamental duties of government to the maintenance of civilization. W.Va. Const. art. 3, § 10.

The writs of prohibition prayed for are denied.

*Writs denied.*