# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 19-0071**  (Hancock County 17-F-21)

**Ethan S.,**
**Defendant Below, Petitioner**

**FILED**

**March 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ethan S., by counsel Matthew Brummond, appeals the order entered on December 28, 2018, in the Circuit Court of Hancock County, in which he was sentenced as a recidivist. The State of West Virginia, by counsel Elizabeth Grant and Andrea Nease-Proper, filed a response in support of the circuit court's order. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 5, 2018, petitioner was convicted on one count of first-degree sexual abuse and one count of sexual abuse by a parent, guardian, or custodian. The victim was his six-year old daughter. Thereafter, on June 21, 2018, the Hancock County Prosecutor's Office filed a recidivist information alleging that petitioner was previously convicted of attempted arson in Brooke County, West Virginia, in 2008.

At a July 9, 2018, status hearing, Assistant Prosecuting Attorney Allison Cowden represented to the circuit court that the parties had discussed the possibility of entering into a sentencing agreement whereby petitioner's sentences for his sexual abuse convictions would run concurrently, for a cumulative sentence of ten to twenty-five years in prison, and the State would forego trying petitioner as a recidivist. In exchange, petitioner would forego the filing of a direct appeal of his convictions, register for life as a sex offender, and be subject to a period of supervised release in the court's discretion.

A subsequent status hearing was conducted on July 12, 2018, at which it was disclosed that petitioner was unwilling to admit identity for purposes of proving that he was a recidivist. As a result, the parties did not enter into the proposed sentencing agreement and the matter was set to proceed to a recidivist trial.

1

On July 24, 2018, petitioner filed a motion to disqualify the Hancock County Prosecutor's Office from conducting the recidivist trial on the ground that an assistant prosecuting attorney in that office, Jack Wood, while previously employed as an assistant public defender, represented petitioner in the attempted arson proceedings, which was the predicate offense for the recidivist information and upcoming trial. Though Attorney Wood had been screened from any involvement or information in the recidivist matter, petitioner alleged that, prior to the July 12, 2018, status hearing, Assistant Prosecuting Attorney Cowden discussed, or attempted to discuss, with Wood that "waiving an appeal right is tantamount to admitting to the crime[,]" and, according to petitioner's motion, that "[d]iscussing or attempting to discuss the above-referenced case with the lawyer who represented the Defendant on the very case the State wishes to use to enhance a criminal penalty, causes great concern to Defense Counsel."[1] Petitioner requested that the circuit court appoint another attorney to act in the prosecution of the recidivist matter, pursuant to West Virginia Code § 7-7-8. *See id.* (stating, in part, that "[i]f, in any case, the prosecuting attorney and his assistants are unable to act, or if in the opinion of the court it would be improper for him or his assistants to act, the court shall appoint some competent practicing attorney to act in that case."). The State filed a response to petitioner's motion, to which petitioner submitted a reply.

By order entered on July 30, 2018, the circuit court denied petitioner's motion to disqualify. A jury trial was conducted on September 7, 2018, and, upon its conclusion, petitioner was convicted of being a recidivist. The circuit court thereafter entered a sentencing order in which it determined that the recidivist conviction shall apply to the conviction of sexual abuse by a parent, guardian, or custodian and sentenced petitioner to twenty years in prison on that charge. The court further sentenced petitioner to a consecutive sentence of five to twenty-five years on the first-degree sexual abuse conviction and ordered that he be placed on fifty years of supervised release and register as a sex offender for life. Petitioner now appeals.[2]

---

[1] Petitioner's trial counsel and Attorney Wood discussed the proposed sentencing agreement and, in particular, the question of whether it was "ethically appropriate" for petitioner to waive his right to appeal his conviction while also maintaining his innocence. According to the State, petitioner's trial counsel and Attorney Wood are "personal friends" and they discussed the matter during a "personal encounter." It was after this conversation that Attorney Cowden and Attorney Wood discussed the matter.

[2] The State contends that this appeal should be dismissed on the procedural ground that petitioner was required to seek relief by way of a petition for a writ of prohibition following entry of the order denying his motion to disqualify. We disagree, as the cases relied upon by the State in support of this argument do not hold that the filing of such a petition is the exclusive means of seeking relief. *See State ex rel. Keenan v. Hatcher*, 210 W. Va. 307, 312, 557 S.E.2d 361, 366 (2001) (stating that "since petitioner's motion to dismiss the pending recidivist information was predicated upon an assertion that the prosecutor's office was disqualified, prohibition is *a* proper means to challenge the circuit court's ruling on this issue." (Emphasis added)); Syl. Pt. 1, *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W. Va. 148, 697 S.E.2d 740 (2010) (holding that "[a] party aggrieved by a lower court's decision on a motion to disqualify an attorney *may* properly challenge the lower's court's decision by way of a petition for a writ of prohibition." (Emphasis added)).

We review the circuit court's order denying petitioner's motion to disqualify under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n,* 201 W. Va. 108, 492 S.E.2d 167 (1997).

The sole issue on appeal is whether the circuit court erred in denying petitioner's motion to disqualify the Hancock County Prosecutor's Office, in its entirety, from prosecuting the recidivist action based upon Attorney Wood's representation of petitioner on the predicate felony. Petitioner argues that the circuit court should have applied this Court's holding in syllabus points 1 and 2 of *Keenan*, which instructed as follows:

> Under West Virginia Rule of Professional Responsibility 1.9(a), a current matter is deemed to be substantially related to an earlier matter in which a lawyer acted as counsel if (1) the current matter involves the work the lawyer performed for the former client; or (2) there is a substantial risk that representation of the present client will involve the use of information acquired in the course of representing the former client, unless that information has become generally known.

> A prosecutor is disqualified from representing the State in a recidivist proceeding conducted pursuant to W. Va. Code §§ 61-11-18 & -19, where such lawyer acted as defense counsel in connection with the prior felony convictions that are the basis for such proceeding.

According to petitioner, Wood's representation of him on the predicate felony was "substantially related" to the recidivist proceeding. Therefore, his employment as an assistant prosecuting attorney, per se, tainted the entire prosecuting attorney's office and disqualified it from prosecuting the recidivist action. Petitioner argues that the recidivist case against him should have been dismissed.

We find that *Keenan* does not apply and that the circuit court committed no error in denying petitioner's motion to disqualify the Hancock County Prosecutor's Office from prosecuting the recidivist action against petitioner. At issue in *Keenan* was whether the Fayette County Prosecutor's Office was disqualified from prosecuting the defendant as a recidivist based upon the fact that the elected prosecuting attorney and one of his assistants had previously represented the defendant in two of the predicate offenses giving rise to the recidivist proceeding. 210 W. Va. at 312, 557 S.E.2d at 366. We observed that "the primary focus of the substantial relationship test is on the potential danger that an adverse relationship with a former client may jeopardize the confidentiality of information communicated during the prior representation." *Id.* at 313, 557

3

S.E.2d at 367. Further, we were disinclined to credit the argument that the defendant's former convictions were a matter of public record, explaining that in recidivist actions,

> it is impossible to completely discount the possibility that confidential information derived from a lawyer's previous representation on the predicate convictions could not be used against a former client during recidivist proceedings. *This is particularly true with respect to the decision to file a recidivist information in the first instance.* While we do not go so far as to say a prosecutor is forever precluded from bringing charges against a former client because of the possibility that confidential information may inform *the prosecutor's charging decision*, the circumstance we face here, where the prosecutor represented the defendant in connection with the predicate convictions, simply raises too great a danger that a client's confidences may be betrayed."

*Id.* at 315-16, 557 S.E.2d at 369-70. (Emphasis added).

It is clear that *Keenan* is distinguishable from the instant matter. In *Keenan*, the prosecuting attorney who made the decision to file the recidivist information in the first instance had represented the defendant in the predicate felony matters. In this case, by contrast, Attorney Wood was an assistant prosecuting attorney and was not involved in the decision to bring the recidivist action or in prosecuting it, as he had been screened from his former client's case. Although, in *Keenan*, an assistant prosecuting attorney also represented the defendant in the predicate felony matters, this Court made a point of reiterating that, even when the issue involves a recidivist action, elected prosecuting attorneys and their assistants are not to be treated the same on the question of disqualification:

> The record in this case is not entirely clear as to whether Prosecutor Blake and Assistant Prosecutor Harris jointly defended Keenan with respect to both of the 1986 convictions, or whether their representations were separate. In contrast to situations in which an elected prosecutor is disqualified, where "disqualification of a prosecuting attorney operates to disqualify his assistants," syl. pt. 1, in part, *Moore v. Starcher*, 167 W. Va. 848, 280 S.E.2d 693 (1981), the fact that an assistant prosecuting attorney is disqualified does not necessarily require disqualification of the entire office in which he or she works. *See* syl. pt. 3, *State ex rel. Knotts v Watt*, 186 W. Va. 518, 413 S.E.2d 173 (1991) (holding that indictment need not be dismissed where disqualified assistant did not participate in investigation of case or presentment to grand jury). Thus, it may be that Assistant Prosecutor Harris' past representation of Keenan is without significance in the present case. This deficiency of the record need not detain us, however, as it is undisputed that Prosecutor Blake represented petitioner with respect to at least one of the predicate felonies cited in the recidivist information.

*Id.* at 312 n.4, 557 S.E.2d at 366 n.4. *See also* Syl. Pt. 2, in part, *State ex rel. Tyler v. MacQueen*, 191 W. Va. 597, 447 S.E.2d 289 (1994). Thus, the circuit court did not err in denying petitioner's motion to disqualify the Hancock County Prosecutor's Office in the recidivist action.

4

Petitioner also argues that, in any event, the prosecuting attorney's office violated the screening protocol when Attorney Wood discussed petitioner's case with Assistant Prosecuting Attorney Cowden, which petitioner claims violated petitioner's attorney-client relationship with Wood. We have held that

> [p]rosecutorial disqualification can be divided into two major categories. The first is where the prosecutor has had some attorney-client relationship with the parties involved whereby he obtained privileged information that may be adverse to the defendant's interest in regard to the pending criminal charges. A second category is where the prosecutor has some direct personal interest arising from animosity, a financial interest, kinship, or close friendship such that his objectivity and impartiality are called into question.

Syl. Pt. 1, *Nicholas v. Sammons*, 178 W. Va. 631, 363 S.E.2d 516 (1987). Here, Cowden's conversation with Wood about the propriety of waiving appeal rights occurred sometime *after* the recidivist information had already been filed and also after petitioner's own trial counsel discussed the issue with Attorney Wood during a personal encounter. There was no evidence, and, indeed, no allegation by petitioner, that Assistant Prosecuting Attorney Cowden discussed the matter further with Wood or obtained any privileged information from him that was derived from his prior representation of petitioner and that may have been adverse to petitioner's interest in the recidivist matter. Thus, we find that prosecutorial disqualification was not warranted in this case and that the circuit court did not err in denying petitioner's motion to disqualify.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5